FILED
OCT 10 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06CR209-WKW |
| | ) | |
| BRIDGET Y. TAYLOR | ) | |
| a/k/a BRIDGET MADISON | | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            KEVIN BUTLER

ASSISTANT U.S. ATTORNEY:    VERNE H. SPEIRS

**COUNT AND STATUTE CHARGED**:

Count 1         18 U.S.C. § 1344
                Bank Fraud

Count 2         18 U.S.C. § 1014
                Loan and Credit Fraud

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT**:

Count 1         18 U.S.C. § 1344

Count 2         18 U.S.C. § 1014

**PENALTIES BY COUNT - MAXIMUM PENALTY**:

Count 1         18 U.S.C. § 1344
                NMT 30 years;
                Fine: NMT $1,000,000;
                Special Assessment: $100;
                Supervised Release: NMT 5Y;
                VWPA

Count 2         18 U.S.C. § 1014
                NMT 30 years;
                Fine: NMT $1,000,000;
                Special Assessment: $100;
                Supervised Release: NMT 5Y;
                VWPA

**ELEMENTS OF THE OFFENSE:**

<u>18 U.S.C. § 1344</u>

1. Defendant knowingly executed a scheme to defraud a financial institution and obtain money under the custody and control of a financial institution by means of false and fraudulent representations;

2. Defendant did so with intent to defraud; and,

3. Financial institutions was insured by the United States Government.

<u>18 U.S.C. § 1014</u>

1. That the defendant knowingly made a false statement or report to the financial institution described in the indictment;

2. That the deposits of the institution were FDIC insured;

3. That the defendant made the false statement or report willfully and with intent to influence the action of the institution upon an application, advance, commitment or loan or any change or extension thereof.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Kevin Butler, attorney for the defendant, pursuant to Rule 11(c)(1)(C) and 11(c)(1)(A), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 11(c)(1)(A), and the parties understand that, if the terms of the Plea Agreement are

2

not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, her guilty plea may not be withdrawn.

### **GOVERNMENT'S PROVISIONS**

1. Upon entering a plea of guilty by the defendant to the offense charged in Counts 1 and 2 of the Indictment, the attorney for the Government will do the following:

    a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's

obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

 b. The government will agree that any sentence imposed by the United States District Court for the Middle District of Alabama should run concurrent to any time remaining on defendant's State sentence for similar or related fraud charges. It is the express intent of the parties that once defendant finishes her State sentence, she serve the remainder of her federal sentence in federal custody.

 c. The government will agree not to contest a sentence in the mid-range of the applicable Guideline Level as determined and calculated by United State Probation, Middle District of Alabama and applied by the United States District Court for the Middle District of Alabama. In support thereof, the United States acknowledges that defendant has sought a swift resolution of the instant case and has thereby saved the United States time and resources.

 d. The government will agree, pursuant to rule 11(c)(1)(A), Federal Rules of Criminal Procedure not to seek any additional charges for relating to Social Security Fraud. This provision is strictly limited to criminal events occurring in or about October 2000, within the Middle District of Alabama. This provision shall have no force and effect in any other jurisdiction of the United States and is not intended to limit

any other investigation or prosecution (known or unknown) by any other investigating or prosecuting entity whatsoever.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

   a. To plead guilty to Counts 1 and 2 of the Indictment.

   b. To make full financial restitution to any and all victims as determined and calculated by United States Probation, Middle District of Alabama. **The amount of restitution shall be no less than $9,040.31.**

   c. Not commit any State, local or federal offenses.

## FACTUAL BASIS

In or about October 2000, in Montgomery, Alabama, within the Middle District of Alabama, and elsewhere, BRIDGET Y. TAYLOR, a/k/a BRIDGET MADISON, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, securities and other property owned by and under the control of a financial institution by means of false and fraudulent pretenses, representations, and promises, which scheme and artifice consisted of obtaining a student loan from Regions Bank, the

deposits of which were insured by the Federal Deposit Insurance Corporation, through the use of a false name and social security number, specifically:

On or about October 11, 2000, in Montgomery, Alabama, the defendant executed and attempted to execute the above described scheme to and artifice by using and certifying a fictitious name "Bridget Madison" and a false and fictitious social security number, to-wit: 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, on Federal Family Education Loan Program - Federal Stafford Loan Promissory Note identifying Regions Bank, Mobile, Alabama, as Lender.

1. Resulting from her scheme to defraud, on or about October 13, 2000, One Thousand Six Hundred Forty One Dollars and Twenty Four Cents ($1,641.24) was disbursed, wired and transferred on behalf of Regions Bank to Defendant's account at Alabama State University, Montgomery, Alabama.

2. Resulting from her scheme to defraud, on or about October 13, 2000, One Thousand Two Hundred Seventy Two Dollars and Sixty One Cents ($1,272.61) was disbursed, wired and transferred on behalf of Regions Bank to Defendant's account at Alabama State University, Montgomery, Alabama.

3. Resulting from her scheme to defraud, on or about January 16, 2001, One Thousand Six Hundred Forty One Dollars and Twenty Four Cents ($1,641.24) was disbursed, wired and transferred to

Defendant's account at Alabama State University, Montgomery, Alabama.

4. Resulting from her scheme to defraud, on or about January 16, 2001, One Thousand Two Hundred Seventy Two Dollars and Sixty One Cents ($1,272.61) was disbursed, wired and transferred on behalf of Regions Bank to Defendant's account at Alabama State University, Montgomery, Alabama.

5. Resulting from her scheme to defraud, on or about September 19, 2001, One Thousand Nine Hundred Forty Dollars and Zero Cents ($1,940.00) was disbursed, wired and transferred on behalf of Regions Bank to Defendant's account at Alabama State University, Montgomery, Alabama.

6. Resulting from her scheme to defraud, on or about September 19, 2001, One Thousand Two Hundred Seventy Two Dollars and Sixty One Cents ($1,272.61) was disbursed, wired and transferred on behalf of Regions Bank to Defendant's account at Alabama State University, Montgomery, Alabama.

Furthermore, on or about October 11, 2000, in Montgomery County, within the Middle District of Alabama, BRIDGET Y. TAYLOR, a/k/a BRIDGET MADISON, defendant herein, knowingly made a material false statement for the purpose of influencing the action of Regions Bank, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with Defendant's Federal Stafford Loan Master

7

Promissory Note, in that the defendant falsely identified herself as "Bridget Madison" and falsely certified and identified 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 as her social security number when in truth and fact, as the defendant well knew, her name is Bridget Y. Taylor and her actual social security number is not 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.

### **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

### **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

4. The defendant, before entering a plea of guilty to Counts 1 and 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried

by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

        f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

        g.  The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the

defendant, all conducted with the defendant's authorization, knowledge, and consent.

      h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

      i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

      j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will have the right to withdraw the plea on that basis.

This 10th day of October, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


_____
Louis V. Franklin, Sr.
Criminal Chief


_____
Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

13

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, _Kevin L. Butler_.

_____
BRIDGET TAYLOR/DEFENDANT

10/10/06
Date

_____
Kevin Butler
Attorney for the Defendant

10/10/06
Date

14